IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE RESPER,
        Plaintiff

v.                                   CIVIL ACTION NO. PJM-13-3717

STATE OF MARYLAND et al.,
        Defendants

**MEMORANDUM OPINION**

The Court is in receipt of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983 wherein he states that on March 19, 2009, Sgt. Sires improperly confiscated his personal property. ECF No. 1. Plaintiff seeks leave to proceed in forma pauperis (ECF No. 2) which shall be granted.[1]

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

---

[1] Plaintiff's "Motion to Remove Complaint" (ECF No. 3) shall be denied as moot.

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

Plaintiff's claim must also be dismissed because it has been filed outside the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *Id*. Here, plaintiff, at the latest, should have known of his injury on March 19, 2009, the date when his property was confiscated. Because plaintiff failed to file the instant complaint until December of 2013, it is clear that the statute of limitations now bars consideration of his claim.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

February 3, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE